FILED

2015 May-22  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH STEPHEN WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:14-CV-02298-VEH** |
| | ) | |
| **HONORABLE JUDGE DEBRA JONES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

The magistrate judge filed a report and recommendation (Docs. 29, 30) on May 4, 2015, recommending that Defendant's motion to dismiss (Doc. 7) be granted and that Plaintiff's motion for leave to supplement (Doc. 28) be treated as a motion for leave to amend and be denied. On May 14, 2015, Plaintiff filed objections to the report and recommendation. (Doc. 30). The case was reassigned to the undersigned on May 19, 2015. (Doc. 32). Therefore, the matter is now before the undersigned for decision.

Having carefully considered the materials in the court file, including the report and recommendation and after conducting a *de novo* review of the record relating to Plaintiff's objections, the court is of the opinion that the magistrate judge's report is

due to be **ADOPTED** and his recommendation is due to be **ACCEPTED**. Plaintiff's

objections are due to be **OVERRULED**. Accordingly, and as set out more fully

below, Defendant's motion is due to be **GRANTED**, Plaintiff's motion is due to be

**DENIED**, and all of Plaintiff's claims are due to be **DISMISSED**.

## II.   <u>STANDARD OF REVIEW</u>

A district judge "shall make a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh

consideration to those issues to which specific objection has been made by a party."

*Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

In contrast, those portions of the R & R to which no objection is made need only be

reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir.

2006).[1]

"Neither the Constitution nor the statute requires a district judge to review, *de*

*novo*, findings and recommendations that the parties themselves accept as correct."

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

*United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n. 8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.  PLAINTIFF'S OBJECTIONS

Regarding the concerns raised in his objections more specifically, Plaintiff contends first that "the recommendations were not recieved [sic] as required." (Doc. 30 at p. 1). However, Plaintiff's receipt of the report and recommendation is shown by his objecting to them. Further, his objections were timely filed. Accordingly, this objection is **OVERRULED**.

Next, Plaintiff objects to the authority of the magistrate judge to act without Plaintiff's consent. (*Id.*)

It appears that Plaintiff misunderstands the report and recommendation process. The magistrate judge is not making any <u>final</u> factual determinations or rulings, but rather only providing recommendations. Instead, the undersigned has reviewed *de novo* those portions of the record that relate to Plaintiff's objections and separately and independently determined the correctness of any objected-to findings and recommendations.

This accepted process is set forth statutorily in 28 U.S.C. § 636, which states in part that:

> **(b)(1)** Notwithstanding any provision of law to the contrary–
>
> > **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to

suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

**(B)** <u>a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)</u>, of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

**(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. <u>A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made</u>. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (footnotes omitted) (emphasis by underlining added).

Accordingly, Plaintiff's objection to the magistrate judge's authority is

**OVERRULED**.

The balance of Plaintiff's objections are merely argument that has already been

made before the magistrate judge. In any event, Plaintiff has wholly failed to point to this court any "error" that he complains of in the report and recommendation. Rather, except as discussed above, Plaintiff's "objections" consist of conclusory argument without reference to any specific finding or recommendation, and without reference to any authority that even arguable contravenes such recommendations. Thus, the remainder of his objections are due to be, and hereby are, **OVERRULED** on that basis.

## IV.   THE REPORT AND RECOMMENDATION IS *DE NOVO* CORRECT

Nonetheless, the court has considered the entire file, including Plaintiff's objections, *de novo*, and determines that the magistrate judge applied the correct legal standards and reached the correct conclusions. Specifically, the magistrate judge deemed all "facts" actually alleged by Plaintiff (as opposed to conclusions asserted by him) to be true.[2] He then correctly determined that all claims set out in Plaintiff's Complaint[3,4] were due to be dismissed. The undersigned will discuss those

---

[2] "As required by the standards applicable to Jones's motion to dismiss, the factual allegations of West's pleading are taken as true, giving him all reasonable inferences. Thus, the facts set forth in the text are assumed to be true for purposes of the instant motion to dismiss, but they may not be the actual facts." (Doc. 29 at p. 3, fn.2).

[3] The court agrees with the magistrate judge's description of Plaintiff's Complaint. "That *pro se* pleading is a rambling 51 pages long, contains no numbered paragraphs as required by FED. R. CIV. P. 10(b). Attached to that pleading is an "Exhibit" comprised of 48 more pages of documents."(Doc. 29 at p. 3, fn. 2).

[4] The magistrate judge gleaned every possible claim that arguably appears in that Complaint,. Indeed, Plaintiff does not, in his objections, argue that any claim was omitted.

determinations in the order in which they appear in the report and recommendation.

### A.    Claims Against Judge Jones Based on Conduct of Non-Parties

The magistrate judge wrote:

> As a threshold matter, the undersigned notes that while West has formally identified and served only a single defendant in this action, *i.e.*, Judge Jones, the Complaint contains a host of allegations related to the conduct of other individuals and entities that supposedly worked to violate West's legal rights. These include allegations against the Calhoun County Drug Task Force, Calhoun County District Assistant District Attorneys Lynn Hammond and Jennifer Weems, and former Calhoun County Circuit Judges Malcolm Street and Joel Laird. However, none of those parties are currently named defendants in this action. Further, West has not pled facts supporting that any of them were acting as agents or employees of Judge Jones. Indeed, many of the events about which West complains occurred before Judge Jones even took the bench in January 2011. Ultimately, West fails to give any hint how Judge Jones might conceivably be liable for the alleged conduct of other parties, whether under § 1983, the FTCA, or any other law. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Meyer v. Holley*, 537 U.S. 280, 285 (2003) ("It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment."). Thus, to the extent that West seeks to recover against Judge Jones for the conduct of others, such claims are due to be dismissed under FED. R. CIV. P. 12(b)(6).

(Doc. 29 at pp.8-9).

After *de novo* review, this court agrees. It will **ADOPT** this portion of the report and will **ACCEPT** the recommendation that all claims by Plaintiff against Judge Jones for the conduct of others be dismissed with prejudice for failure to state a cognizable claim.

**B.      Section 1983**

The magistrate judge next wrote, regarding Plaintiff's individual capacity claims against Judge Jones under 42 U.S.C. §1983, as follows.

### 1.      Individual Capacity Claims under Section 1983

West claims that Judge Jones is liable in her individual capacity for violating his rights under various provisions of the federal and state constitutions, the RLUIPA, and the ICCPR. More specifically, the undersigned discerns West to be claiming that Judge Jones violated his legal rights by virtue of the following actions: (1) entering an order in West's criminal case on November 26, 2013, that imposed certain conditions and restrictions on his release on probation; (2) entering another order on January 17, 2014, that imposed still more restrictions on West's probation; (3) failing to grant West's motion filed in his criminal case seeking return of property seized in connection with his prosecution; (4) "enforcing" West's sentence that extends beyond sentencing guidelines and is disproportionate to sentences in similar cases; (5) "enforcing" the allegedly unconstitutional provisions of the ASORCNA; and (6) dismissing West's putative civil action against his former attorney that was filed in West's criminal case.

Judge Jones, however, is entitled to judicial immunity as it relates to all of West's claims for money damages. The Eleventh Circuit has explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). West urges that Judge Jones is not protected by immunity because she was allegedly acting without "jurisdiction" and she violated his civil rights. However, the acts of Judge Jones of which West complains were rulings she made in her capacity as the presiding judicial official in West's criminal case and were not made "in the clear absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 357 nn. 6, 7 (1978) (discussing the difference between a judge's acts taken "in excess of his jurisdiction" and those taken "in the clear absence of jurisdiction"). West's arguments to the contrary are without merit, and his claims for money damages against Judge Jones are due to be dismissed. *See Sibley*, 437 F.3d at 1071; *Bolin*, 225 F.3d at 1239; *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985); *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007); *Barber v. Alabama*, 2012 WL 1340090, at *5-6 (N.D. Ala. Apr. 16, 2012).

On the other hand, the Supreme Court recognized in *Pulliam v. Allen*, 466 U.S. 522 (1984), that judicial immunity does not apply to § 1983 claims seeking injunctive or declaratory relief against state-court judges. However, Congress partially abrogated *Pulliam* by passing the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847 (1996), which amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." "After the FCIA, judicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity. Only when a declaratory decree is violated or declaratory relief is unavailable would plaintiffs have an end-run around judicial immunity—and neither is true here." *Ray v. Judicial Corrections Services, Inc.*, 2014 WL 5090723, at *3 (N.D. Ala. Oct. 9, 2014); *see also Bolin*, 225 F.3d at 1242; *Esensoy v. McMillan*, 2007 WL 257342, at *1 n.5 (11th Cir. Jan. 31, 2007); *Taylor v. Smithart*, 2011 WL 1188553, at *1 (M.D. Ala. Jan. 25, 2011). Because West's § 1983 claims for injunctive relief against Judge Jones are also based on acts taken in her judicial capacity, those claims are barred under the FCIA.

But even assuming that the FCIA did not apply, West still could not prevail on any of his claims for declaratory or injunctive relief against Judge Jones. West cannot use § 1983 as a device to obtain collateral review of state court judgments. *See Sibley*, 437 F.3d at 1070-71; *Jones v. Crosby*, 137 F.3d

1279, 1280 (11th Cir. 1998). West also cannot obtain declaratory or injunctive relief under § 1983 if he had an adequate remedy at law, including appellate review in the state courts with respect to an allegedly improper judicial ruling. *Id*. at 1073-74; *Bolin*, 225 F.3d at 1242-43; *also cf. Dupree v. City of Phenix City*, 2011 WL 6778799, at *3-4 (M.D. Ala. Oct. 20, 2011) (plaintiff failed to state a § 1983 claim based on allegations that government defendants unlawfully confiscated his property where state law provided adequate postdeprivation remedies); *Fisher v. Bushway*, 2007 WL 1106133, at *2-3 (M.D. Ga. Apr. 11, 2007) (same). West had an adequate remedy at law, for he could have resorted to the Alabama appellate courts in order to obtain review of the rulings made by Judge Jones. Accordingly, West's § 1983 claims for declaratory and injunctive relief against Judge Jones are due to be dismissed for failure to state a claim.

Further, insofar as West seeks declaratory or injunctive relief in the form of an order that would result in an immediate or speedier release from confinement, including release from parole or probation-based restrictions on his liberty, he can seek such relief only through an application for a writ of habeas corpus under 28 U.S.C. § 2254, not through § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003); *Shaddix v. Keeton Corrections, Inc.*, 2014 WL 3721047, at *2-3 (N.D. Fla. Jul. 28, 2014); *Scheffler v. Camon*, 2009 WL 3481899, at *3 n.3 (S.D. Ga. Oct. 28, 2009). Likewise, the Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted). All of the

§ 1983 claims against Judge Jones related to the validity of West's conviction, sentence, or probation conditions are thus barred by *Preiser* or *Heck* as well. *See Vickers v. Donahue*, 137 F. App'x 285, 289-90 (11th Cir. 2005); *Smith v. Burnside*, 2007 WL 2209242, at *2 (M.D. Fla. Jul. 30, 2007).

(Doc. 29 at pp. 12-13).

The magistrate judge also correctly noted that "the Eleventh Circuit has also recently rejected the same arguments that West makes in his constitutional challenge to ASORCNA. *See Windwalker v. Governor of Alabama*, 579 F. App'x 769 (11th Cir. 2014), *aff'g* 925 F. Supp. 1265 (N.D. Ala. 2013)." (Doc. 29 at p. 12, fn.7).

Finally, as to these individual capacity claims under Section 1983, the magistrate judge advised Plaintiff

> To the extent that West's pleading might be construed as a petition seeking habeas relief under § 2254, it is due to be dismissed without prejudice. Because West remains subject to probation conditions that impose substantial restraints on his liberty, he remains in custody for purposes of habeas jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Jones*, 371 U.S. at 242- 43. However, West's probation officer or a similar immediate custodian, not Judge Jones, would be the proper respondent in a habeas proceeding. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *Matthews v. Meese*, 644 F. Supp. 380, 381 (D.D.C. 1986); 1976 Advisory Committee Notes to Rule 2(b), RULES GOVERNING § 2254 CASES. If he so chooses, West may file a separate habeas proceeding, although it appears that he has not exhausted available state remedies as to any claim. See 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). To the extent that is so and the time in which to do so has expired, unexhausted habeas claims would be procedurally defaulted and could not be heard in this court absent a showing (1) of both "cause" for the default and resulting "prejudice" or (2) that West is "actually innocent." *See Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013). It further appears that at least some of West's potential habeas claims would also be barred by the applicable one-year statute of limitations, absent a showing of actual innocence. *See* 28 U.S.C. § 2244(d); *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924 (2013).

(Doc. 29 at p. 13, fn.8).

After *de novo* review, this court agrees. It will **ADOPT** this portion of the report and will **ACCEPT** the recommendation that all claims brought by Plaintiff under 42 U.S.C. §1983 against Judge Jones in her individual capacity be dismissed with prejudice.[5]

### 2.    Official Capacity Claims under Section 1983

Regarding Plaintiff's official capacity claims under Section 1983, the magistrate judge wrote:

> West has also sued Judge Jones in her official capacity. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and, "[a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, West's suit against Judge Jones in her official capacity is effectively against her employer, the State of Alabama. *See Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). Because such a suit is barred by the State's sovereign immunity, West's official-capacity claims against Judge Jones are due to be dismissed.

(Doc. 29 at pp. 13-14).

After *de novo* review, this court agrees. It will **ADOPT** this portion of the

---

[5] The court notes that, in his objections, Plaintiff asks, "[i]f, as the Defendants [sic] claim, the federal courts do not have jurisdiction to compel state officials to abide by the Constitution, then I must ask, who does?" This question was answered in the report and recommendation. First, Plaintiff had an adequate state remedy: he could have appealed Judge Jones's rulings. *See* Doc. 29 at pp. 11-12. Further, to the extent that he "seeks ... release from parole or probation-based restrictions on his liberty, he can seek such relief [but] only through an application for a writ of habeas corpus under 28 U.S.C. § 2254, not through § 1983." Doc. 29 at p. 12. However, if he does make such an application, the magistrate judge advised him that such an application would be properly brought against Plaintiff's "probation officer or a similar immediate custodian, not Judge Jones...." Doc. 29 at p. 13, fn. 8.

report and will **ACCEPT** the recommendation that all claims by Plaintiff brought

under Section 1983 against Judge Jones in her official capacity be dismissed with

prejudice as barred by sovereign immunity.

### C.   Claims under the Federal Tort Claims Act

Plaintiff also invoked the Federal Tort Claims Act. Regarding this claim, the

magistrate judge wrote:

> West claims that Judge Jones is also liable under the FTCA. However, the FTCA authorizes suits only against the United States, not individuals or government agencies. *See Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008). And even then, the FTCA does not impose liability based on the conduct of *State* officials except insofar as they might be deemed to be acting as employees of the *federal* government. *See Logue v. United States*, 412 U.S. 521 (1973); *Martinez v. Hall*, 2011 WL 6182026, at *4 (M.D. Fla. Dec. 13, 2011). On top of that, judicial immunity applies to FTCA claims as well. *See Washington Mut. Bank v. Bush*, 220 F. App'x 974, 975-76 (11th Cir. 2007). Because West's claims all arise out of garden-variety state-court criminal proceedings, the FTCA has no conceivable application. West's FTCA claims are frivolous and due to be dismissed.

(Doc. 29 at p. 14)(emphasis in original).

After *de novo* review, this court agrees. It will **ADOPT** this portion of the

report and will **ACCEPT** the recommendation that all claims by Plaintiff against

Judge Jones under the Federal Tort Claims Act be dismissed with prejudice for failure

to state a cognizable claim.

### D.   Motion for Leave To Supplement Record and Clarify Defendants

Plaintiff's entire objection to the magistrate judge's recommendation that his

Motion for Leave To Supplement Record and Clarify Defendants (Doc. 28) is contained in the following two sentences: "The ruling 'construing' a document which was clearly marked 'Supplement' is unauthorized. F.R.Civ.P. Rule 15(d) allows a supplement." (Doc. 30 at pp. 1-2).

Rule 15(d) states as follows:

> **(d)** **Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event <u>that happened after the date of the pleading to be supplemented</u>. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

FED.R.CIV.P. 15(d)(emphasis supplied).

There is nothing in Plaintiff's "Supplement" that is alleged to have happened after the date of the Complaint. Therefore, Plaintiff's objection is due to be **OVERRULED**.

The court now turns to the substance of the magistrate judge's recommendation regarding this "Supplement." On this issue, the magistrate judge wrote:

> West has moved for leave "to supplement [the] record and clarify defendants." (Doc. 28). That *pro se* motion will be liberally construed as seeking leave to amend the Complaint. Amendments to pleadings are governed by FED. R. CIV. P. 15. Because West's motion comes more than 21 days after Judge Jones served her motion to dismiss under FED. R. CIV. P. 12(b), West may only amend his pleading with the opposing party's consent or leave of court. FED. R. CIV. P. 15(a)(1), (2). West does not allege that he has obtained the former, and the latter is due to be denied, as explained below.

> Under Rule 15(a)(2), courts should freely give leave to amend the pleadings "when justice so requires." However, a district court may deny leave

where the plaintiff's motion fails to attach a copy of the proposed amendment or sufficiently set forth the substance of the proposed amendment. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir.2009); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). A proposed amendment may also be denied for futility when the complaint as amended would still be properly dismissed, including because the claims would be barred by the applicable statute of limitations. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010); *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

Although West's instant motion purportedly seeks to "supplement the record," it does not supply or point to any new evidence nor present any new material factual allegations. Rather, the seven-page motion is devoted mostly to expounding West's legal theory that Judge Jones and other Alabama officials violated their oath to be bound by the United States Constitution, *see* U.S. Const., art. VI, cl. 3, such that all of their official acts, including all acts related to West's prosecution, conviction, sentence, and probation, are "null and void ab-intio (sic)." (*See* Doc. 28 at 3). That proposition is pure nonsense, of course. *See Crawford v. United States*, 2008 WL 2149858, at *4 (M.D. Ga. May 21, 2008); *Marr v. Jones*, 2010 WL 199170, at *5 (W.D. Mich. Mar. 4, 2010); *Guidetti v. Haley*, 2011 WL 1884153, at *2-4 (D.S.C. May 9, 2011); *Mechler v. Hodges*, 2005 WL 1406102, at *7 (S.D. Ohio Jun. 15, 2005); *Lewis v. Green*, 629 F. Supp. 546, 554 n. 14 (D.D.C. 1986). West also states in his motion that he would also demand the dismissal of all charges against him. (Doc. 28 at 5). But again, even if his substantive claims were valid, such relief is available only in a habeas corpus action, not under § 1983. *See Preiser, supra.*

Likewise, while West's motion suggests that it would "clarify [the] defendants" he intends to sue, it ironically does not specify the name of any new putative defendants.[6] Instead, West states vaguely that he desires to sue,

---

[6] In his objections to the report and recommendation, the Plaintiff lists, for the first time, these new putative defendants: "Former Judge Joel Laird, Former Judge Malcolm Street, Jr., District Attorney Brian McVeigh, Asst. District Jennifer Weems, Asst. District Attorney Lynn Hammond, Officer Chuck Battles, Officer Steve Roberson, [and] Sheriff Larry Amerson." (Doc. 30 at p.10). However, objections to a report and recommendation are not a proper place to add defendants. The magistrate judge assumed that the "new putative defendants" that Plaintiff wished to add were former Judge Joel Laird, former Judge Malcolm Street, Jr., Asst. District Jennifer Weems, and Asst. District Attorney Lynn Hammond, and fully addressed Plaintiff's claims as potentially applicable to those defendants. The Plaintiff has not even stated, much less shown, any error in the magistrate

in both their individual and official capacity, "each judicial officer of the Circuit Court of Calhoun County, Alabama, who was involved in [his] cases prior to March 5, 2015." (Doc. 28 at 5-6). At a minimum that description is presumably is meant to encompass former Calhoun County Circuit Judges Malcolm Street and Joel Laird, each of whom is referenced in the Complaint as having issued certain judicial orders in the criminal proceedings involving West. However, the Complaint's allegations against Street and Laird relate solely to their judicial rulings and actions in the criminal proceedings, so any claims against them would be doomed for the same reasons that West's claims against Judge Jones are invalid. Therefore, leave to amendment that would formally name Street or Laird as a defendant is due to be denied as futile.

In light of certain allegations in the Complaint, however, West's *pro se* motion will be liberally construed as seeking leave also to name as defendants both Lynn Hammond and Jennifer Weems, Calhoun County Assistant District Attorneys mentioned in the pleading as it relates to their participation in West's prosecution, probation revocation proceedings, and the State's retention of seized property. (*See* Compl. at 5, 7-9, 15-16, 46). Specifically, West suggests in the Complaint that Hammond might be liable based on the following:

(1)   she "issued or witnessed an affidavit which contained a false statement," resulting in West being arrested on a solicitation charge in September 2008 without probable cause (*see* Compl. at 4, 14-15, 46); and

(2)   she withheld an allegedly exculpatory recording from the defense in a bond revocation hearing, also in September 2008. (*Id*.)

West appears similarly to claim that Weems violated his rights in connection with the following:

---

judge's analysis as to those defendants. Further, he has stated no reason why he could not have named these new putative defendants earlier. In its discretion, the court declines to consider any claims Plaintiff might now wish to add against the putative defendants listed by him in his objections and not addressed by the magistrate judge's report and recommendation. *See Williams v. McNeil*, 557 F.3d at 1291 (concluding that a district court has broad discretion in reviewing a magistrate judge's report and recommendation, and, therefore, does not abuse its discretion in declining to consider arguments that was not presented to the magistrate judge.).

(1)     in February 2010, she made a "false statement" in a motion to have West's bond revoked after he was convicted of a misdemeanor offense (Compl. at 5);

(2)     in December 2010, she made "many false statements" at West's guilty-plea hearing (*id*. at 23);

(3)     in December 2013, Weems made "several false statements" within a filed response in opposition to West's motion for the return of seized property (id. at 8-9);

(4)     in January 2014, she made a "false statement" in a motion to have West's probation revoked or its conditions modified (*id*. at 7); and

(5)     in support of that same motion in January 2014, Weems, by unspecified means, "coerced" Don Ray of the Calhoun County Sheriff's Office to testify falsely against West at the hearing (*id*. at 7-8).

However, insofar as West would raise § 1983 claims against Hammond or Weems that demand relief in the form of an order requiring an immediate or speedier release from onfinement or probation conditions, those claims would be barred by *Preiser* because such a remedy is available only in habeas corpus. Section 1983 claims against Assistant District Attorneys Weems and Hammond in their official capacity would also be subject to dismissal as a suit against the State of Alabama itself. *See Garrett v. Talladega Cnty. Drug & Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1376 (N.D. Ala. 2013); *Harris v. Falls*, 920 F. Supp. 2d 1247, 255-56 (N.D. Ala. 2013). And again, the FTCA has no possible application to this case.

Any ostensible § 1983 claims for damages against Weems or Hammond in their individual capacity based on the allegations of the Complaint would fare no better. Just as state court judges are entitled to absolute immunity from damages claims for their judicial acts, state district attorneys and prosecutors are likewise entitled to absolute immunity in executing their prosecutorial functions:

Absolute immunity accordingly applies to the prosecutor's actions "in initiating a prosecution and in presenting the State's case."

*Imbler [v. Pachtman*, 424 U.S. 409, 431 (1976)]. Prosecutors are immune for appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing. *Burns v. Reed*, 500 U.S. 478, 490-92 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997); *see also Van de Kamp [v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855, 861 (2009)]. "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones [v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)]. Such absolute immunity also "extends to a prosecutor's acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id*. (quotation marks omitted); *accord Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (holding prosecutor who proffered perjured testimony and fabricated exhibits at trial is entitled to absolute immunity, but a prosecutor who participated in the search of a suspect's apartment is entitled to only qualified immunity). *Rehberg v. Paulk*, 611 F.3d 828, 837-38 (11th Cir. 2010). This immunity extends to pretrial advocacy in connection with the initiation of a prosecution, including bond applications and revocations. *See Burns v. Reed*, 500 U.S. 478, 487 (1991); *Castaneira v. Owens*, 2012 WL 3028338, at *5 (N.D. Ga. May 31, 2012); *Spano v. Satz*, 2011 WL 1303147, at *6 (S.D. Fla. Mar. 31, 2011). It likewise applies to advocacy on behalf of the State in the continuation of the sentencing process, including as it relates to the granting or revocation of parole or probation. *See Hart v. Hodges*, 587 F.3d 1288, 1296-97 (11th Cir. 2009); *Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir.1987); *Flournoy v. Ingram*, 2011 WL 1485272, at *2 (M.D. Ala. Mar. 31, 2011). Further, *Heck* precludes claims for damages under § 1983 to the extent that a judgment in favor of the plaintiff would necessarily impugn the validity of an extant conviction or sentence, including as it relates to parole or probation conditions. *See Heck, supra*; *Vickers*, 137 F. App'x at 289-90; *Smith*, 2007 WL 2209242, at *2. Also, § 1983 claims in Alabama are subject to a two-year statute of limitations. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011).

Even assuming *arguendo* that claims against new parties could relate back under FED. R. CIV. P. 15(c), West did not file this action until November 2014, while his claims against Hammond arise out of her

alleged actions taken as an Assistant District Attorney in September 2008, in connection with obtaining a warrant for West's arrest and the revocation of his bond. The undersigned therefore concludes that any such claims would be subject to dismissal based upon one or more of the following: (1) absolute prosecutorial immunity, (2) the statute of limitations, (3) West's failure to set forth enough specific factual matter to state a "plausible" claim for relief for purposes of FED. R. CIV. P. 12(b)(6) and *Iqbal*, and (4) the *Heck* bar. Accordingly, leave to amend is due to be denied as it relates to claims against Hammond.

Likewise, § 1983 claims for damages against Weems based "false statements" she allegedly made in motions and court hearings in the course of advocating the State's position with respect to the revocation of West's pretrial bond in February 2010, his guilty plea in December 2010, or the revocation or modification of his probation conditions in January 2014 would be barred by prosecutorial immunity, *Heck*, or both. *See Conner v. Pickett*, 552 F.2d 585 (5th Cir. 1977) (prosecutor enjoyed absolute immunity as it related to his involvement in accepting a guilty plea); *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (holding that *Heck* barred claims alleging district attorney conspired with the plaintiff's counsel to coerce a guilty plea); *Cline v. City of North Miami*, 2010 WL 3943541, at *3 (S.D. Fla. Apr. 27, 2010) (ruling that plaintiff's allegations that prosecutors engaged in wrongdoing in "filing a motion to revoke bond" was "insufficient to remove their cloak of absolute immunity"); *Jackson v. Edwards*, 2013 WL 6858882, at *2-3 (M.D. Ga. Dec. 30, 2013) (plaintiff's claims against prosecuting attorney at probation revocation hearing were precluded by absolute immunity and *Heck*); *Williams v. Holsey*, 2010 WL 4261354, at *2-3 (M.D. Ga. July 7, 2010) (same); *Lockett v. Wright*, 2013 WL 497592, at *3 (S.D. Ga. Jan. 15, 2013).

West also asserts that Weems "coerced" a representative of the Calhoun County Sheriff's Department to testify falsely at his probation revocation hearing in January 2014. However, West's allegation that Weems "coerced" the witness is conclusory and would not be entitled to a presumption of truth on a motion to dismiss. *See Pugh v. Horace*, 2014 WL 912000, at *3 (S.D. Ala. Feb. 10, 2014); *Candelario v. City of New York*, 2013 WL 1339102, at *5 (S.D.N.Y. Apr. 3, 2013). In any event, this claim too would be barred by immunity, *Heck*, or both. *See*

*Holmes v. Crosby*, 418 F.3d 1256, 1259 (11th Cir. 2005) (parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties); *Rehberg*, 611 F.3d at 841-42 (where witness enjoyed absolute immunity for allegedly false testimony before grand jury, prosecutor was likewise entitled to absolute immunity on a claim alleging a conspiracy to make up and present the testimony); *Williams*, 2010 WL 4261354, at *2-3 & n.1 (claims that prosecutor falsified evidence, withheld evidence, and knowingly presented perjured testimony at parole revocation hearing dismissed based on Heck and prosecutorial immunity).

That leaves only West's would-be § 1983 claim against Weems based on an allegation that, in December 2013, she made "false statements" in a legal memorandum filed on behalf of the State in opposition to West's motion in his criminal case seeking the return of seized property. (*See* Compl. at 8-9, 48; Doc. 1-1 at 38-42; *id*. at 43-44). In a related vein, West alleges that "because of these false statements, by Weems, the state has refused to return the property which was seized ...." (Compl. at 9). However, to the extent that West might attempt to hold Weems liable for damages merely for statements she made in a legal paper filed in court on the State's behalf, West would fail to state a cognizable § 1983 claim. Although the criminal prosecution proper against West had concluded by December 2013, the opposition that Weems filed in response to West's motion was premised on the argument that the subject seized property was being lawfully retained by the State in the event that it might be needed for a potential trial, insofar as West had continued to assert that his conviction and sentence were infirm. Weems's opposition filing was thus clearly made in her role as an advocate for the State in judicial proceedings and was thus protected by absolute immunity. *See Hart*, 587 F.3d at 1296 (recognizing that absolute immunity may extend to certain post-sentencing conduct of a prosecutor); *Jones*, 174 F.3d at 1281 ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003) ("Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate.").

Notably, West has not pled that Weems was herself either responsible for the initial seizure or in possession or control of the subject property thereafter and refused to return it. But even if West amended to include such allegations, he could not prevail on an associated § 1983 claim against Weems. Any claim alleging that the initial seizure, which appears to have been in September 2008 but in no event later than West's guilty plea in December 2010, was unconstitutional would be barred by the two-year statute of limitations. *See Holt v. Valls*, 395 F. App'x 604, 605-06 (11th Cir. 2010); *Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006). It is true, however, that "a complaint of continued retention of legally seized property raises an issue of procedural due process under the Fourteenth Amendment." *Case v. Eslinger*, 555 F.3d 1317, 1330-31 (11th Cir. 2009). Further, once a criminal prosecution has concluded and all appeals exhausted, retention of seized property by the prosecutor may at a certain point be protected only by qualified immunity rather than absolute immunity. *See Morris v. Jackson*, 353 F. Supp. 2d 1199, 1201-02 (M.D. Ala. 2005), *aff'd*, 167 F. App'x 750 (11th Cir. 2006). Despite that,

> "no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." *Lindsey [v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)] (internal quotation marks omitted); *see Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). " Hudson made clear that as long as some adequate postdeprivation remedy is available, no due process violation has occurred." *Lindsey*, 936 F.2d at 561. *Id.* at 1331; *see also City of West Covina v. Perkins*, 525 U.S. 234 (1999) (due process does not require that the State provide notice of available state-law remedies for the return of seized property). Here, Alabama state law provides adequate remedies so as to preclude a viable procedural due process claim in this context under § 1983. *See Hagood v. Morgan County, Ala.*, 2014 WL 7337413, at *5 (N.D. Ala. Dec. 23, 2014) (recognizing that ALA. CODE § 41-9-60 provides for the State Board of Adjustment to consider claims against the state or its agents, and that, if such claim is denied, a claimant is authorized to file a state court action); *Houston v. Alabama*, 2013 WL 4777198, at *4 (N.D. Ala. Sept. 5, 2013) (same); *Jaggars v. City of Sheffield, Ala.*, 2014 WL 2123210, at *5 n.9 (N.D. Ala. May 21, 2014) ("Alabama law

> recognizes *in rem* actions by claimants for the return of property
> seized by municipal law enforcement agencies."); *see also*
> *Dupree v. City of Phenix City*, 2011 WL 6778799, at *3-4 (M.D.
> Ala. Oct. 20, 2011); *Lindsay v. Brogden*, 2008 WL 4542755, *6
> (S.D. Ala. Oct. 10, 2008); *Dawson v. City of Montgomery*, 2008
> WL 659800, at *8 (M.D. Ala. Mar. 6, 2008). Accordingly, West's
> putative claims against Weems would be subject to dismissal as
> well, so any amendment on that score would also be futile.

(Doc. 29 at pp. 14-24) (footnote omitted).

After *de novo* review, this court agrees. It will **ADOPT** this portion of the

report and will **ACCEPT** the recommendation that all Plaintiff's motion to

supplement the record be treated as a motion for leave to amend and be denied as

futile.

## V.    DEMAND FOR HEARING

In his objections, "Plaintiff demands a hearing on this case." (Doc. 30 at p. 9).

The court treats this demand as a motion for a hearing. That motion is due to be, and

will be, **DENIED**.

## VI.    CONCLUSION

For the reasons set out above, Plaintiff's objections are due to be

**OVERRULED**. The magistrate judge's report and recommendation is *de novo*

correct and will be **ACCEPTED** by the undersigned. Defendant's Motion To Dismiss

is due to be **GRANTED**. Plaintiff's Motion To Supplement is due to be **DENIED**.

Plaintiff's demand for a hearing is due to be **DENIED**. All of Plaintiff's claims are

due to be **DISMISSED WITH PREJUDICE**. A separate order will be entered.

      **DONE** this the 22nd day of May, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge